IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARCISCO ENRIQUEZ,

    Plaintiff,                                CIV NO. S-03-0727 GGH

    vs.

MICHAEL ASTRUE,
Commissioner of
Social Security,                             <u>ORDER</u>

    Defendant.

_____/

*Introduction and Summary*

        Counsel's motion for attorneys' fees, filed October 6, 2008, is pending before the court. The Commissioner filed on November 5, 2008 a response taking no position, but submitting points for the court's assistance. Counsel requests attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $17,505. The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge).

        The point made by the Commissioner to which the undersigned will respond is the Commissioner's observation that plaintiff's counsel is attempting to "double bill" for EAJA fees already received. The Commissioner is 100% correct in this observation. For the reasons that follow, plaintiff's attorney is ultimately entitled to $9, 505.00 in § 406(b) fees. Because of the

interplay involving § 406 fees and EAJA fees in Social Security case, the undersigned will order the Commissioner to pay plaintiff's counsel $13, 505 with an order for plaintiff's counsel to then reimburse her client $4,000.

*Discussion*

As plaintiff ultimately prevailed in this litigation after remand of his case, quite a bit of time elapsed from the time of application to the date benefits were first received.  A large back benefits award was payable.  As is commonly done, the Commissioner withheld from the back payment award an amount equal to 25% of the total back payment in order that plaintiff's attorney could be paid from that amount.  The amount ultimately withheld was $20, 355.00. Plaintiff's counsel was awarded $6,850 in § 406(a) attorneys' fees for work performed in the administrative proceedings.[1]  A new withholding letter for § 406(b) attorneys' fees for work performed in federal court was issued on September 15, 2008 providing that the amount now withheld after the $6850 award was $13, 505.00.

The process thus far is simple enough– assuming no EAJA fees, plaintiff's counsel would be entitled to a maximum $13, 505.00 in § 406(b) fees, potentially subject to reduction on account of unreasonableness.  However, counsel sought and received via a settlement $4,000 in EAJA fees.  Counsel does not attribute or subtract from her present § 406(b) request any attorney hours represented by the EAJA settlement, and there is no way for the court to precisely know what hours should be considered subtracted from her present request.[2]

Counsel seeks a total award order of § 406(b) fees of $17, 505.  She calculates this

---

[1] The amount was reduced from the $14,000 plus request by counsel.

[2] Plaintiff's counsel treats the EAJA award as a windfall in terms of reducing hours in her § 406(b) request.  In settling EAJA issues, the parties should agree and inform the court to what extent attorney hours are represented by the award so the court can better make a reasonableness determination when reviewing the § 406(b) request. Making a § 406 request for all hours consumed in the federal court proceedings, without any attribution to the EAJA award, tends to understate the real hourly rate  sought by counsel in the § 406 request.  That is, more hours will be available to be divided into the sought amount thereby artificially driving the hourly rate sought to a figure lower than it really is, thereby making counsel's request appear more reasonable.

2

figure by curiously *adding back in* the EAJA award to the amount withheld so that it can later be refunded to the client leaving counsel with the withheld $13,505 to be awarded. All parties agree that the EAJA sum awarded should ultimately be refunded to plaintiff as the law requires such.[3] However, plaintiff's counsel initial *addition* of the EAJA award and subsequent subtraction has the effect of washing out any refund. That is, plaintiff's counsel ultimately seeks the same maximum $13, 505 which would be available to her from withheld monies *regardless of whether any EAJA fees had ever been awarded.* This simply cannot be. To emphasize the point by repetition, had there been no EAJA award, counsel would be seeking the $13,505; however, she received a $4,000 EAJA award, and is *still* ultimately seeking the $13,505.

By common sense and simple arithmetic, the $4,000 should be deducted from the $13,505, assuming the court were to initially order the maximum possible § 406(b) recovery. Even if the entire § 406(b) withheld amount is not initially ordered, the $4,000 must be subtracted from any amount the court does find initially reasonable. The undersigned turns to that issue now.

Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1).

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th

---

[3] 28 U.S.C. § 2412; Gisbrecht, 122 S.Ct. at 1822.

Cir. 1991). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25 percent statutory maximum fee is not automatic. The court also must ensure that the fee request is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar calculation). The Gisbrecht court suggested that the claimant's lawyer should submit a record of hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in concluding that the fee sought is reasonable. Id. The character of the representation (including matters such as attorney caused delay), or the nature of the results achieved might, in a proper case, justify downward adjustment from the statutory maximum fee. Id. As the Ninth Circuit has recently observed, however, in Gisbrecht the Supreme Court did not decide, or indicate any views on, whether contingent fee agreements not in excess of 25% of past-due benefits awarded were presumptively reasonable or the extent to which district courts could utilize a lodestar calculation, based on an appropriate hourly rate and the hours properly spent, in determining whether a requested fee award under § 406(b) was reasonable. Crawford v. Astrue, 545 F.3d 854, 859 (9th Cir. 2008).

Also recently determined is that "42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past due benefits." Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008). However, as plaintiff's counsel concedes, her contract caps fees with plaintiff at 25% of back benefits regardless of whether the fees were sought in administrative or court proceedings.

Counsel has submitted a statement documenting 24.9 hours of attorney time and 6.4 hours of paralegal time expended on matters before this court. The court finds the amount of hours expended to be reasonable. The maximum possible § 406 (b) fee divided by the hours

4

expended constitutes an hourly billing rate of $523.09/hour.[4]  As observed previously in footnote 2, this hourly rate is understated because of the non-attribution of attorney hours to the EAJA award.  Nevertheless, the court must consider here as well the fact that the $4,000 will be subtracted from any initial § 406(b) computation.  If this ultimate reduction is considered in calculating the hourly rate, counsel's effective rate is $360.94.[5]  The undersigned finds this reasonable in light of the contingency fee contract and in light of other factors, albeit at the high end of reasonableness.

*Conclusion*

Accordingly, counsel's October 6, 2008 motion for attorney's fees is GRANTED as discussed above.  The Commissioner shall pay counsel the entire $13,505.00 remaining as withheld.  Plaintiff has previously been awarded EAJA fees in the amount of $4,000.  Counsel is entitled to the greater of the two amounts awarded for legal work, and plaintiff to the lesser amount.  After receipt of the $13,505.00, counsel shall refund to plaintiff the lesser amount of EAJA fees, $4,000 leaving counsel with an ultimate § 406(b) award (for attorneys' fees and paralegal work) of $9,505.00.

IT IS SO ORDERED.

DATED: July 15, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Enriquez0727.fees.wpd

---

[4] The Commissioner points out that this court previously found that $75 per hour for paralegal time was more than reasonable.  Rico v. Astrue, Civ.S. 04-0793 GGH (Order, filed November 20, 2007, n. 1).  Subtracting the paralegal's 6.4 hours at a total of $480 leaves $13,025 ($13,505 minus $480) for attorney time.  This amount divided by 24.9 hours yields an hourly rate of $523.09.  Plaintiff deems paralegal time to be worth half the market value of attorney time; however, for the sake of rerasonableness, the court has used the rate of $75 per hour.

[5] ($13,025 - $4000) divided by 24.9 hours.